**United States Bankruptcy Court**
**District of South Dakota**



**Charles L. Nail, Jr.**
**Bankruptcy Judge**

---

Federal Building and United States Post Office
225 South Pierre Street, Room 211
Pierre, South Dakota 57501-2463

Telephone: (605) 945-4490
Fax: (605) 945-4491

September 28, 2007

Timothy M. Engel, Esq.
Attorney for Plaintiffs
Post Office Box 160
Pierre, South Dakota 57501

William E. Coester, Esq.
Attorney for Debtor-Defendant
Post Office Box 66
Milbank, South Dakota 57252-0066

    Subject:    ***Nathan Johnson, et al. v. James Wright Porter (In re Porter)***
                       Adv. No. 07-1004; Chapter 7; Bankr. No. 06-10119

Dear Counsel:

       The matters before the Court are the cross dispositive motions filed by Debtor-Defendant James Wright Porter and Plaintiffs Nathan Johnson, Robert D. Johnson, and Northland Auto Center, Inc. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As discussed below, Debtor-Defendant's motion will be denied, and Plaintiffs' motion will be granted.

       **Summary.** By their complaint, Nathan Johnson, Robert D. Johnson, and Northland Auto Center, Inc. (collectively, "the Johnsons") seek a determination that a debt owed them by Debtor James Wright Porter ("Porter") pursuant to a state court judgment is nondischargeable under 11 U.S.C. § 523(a)(6). On June 29, 2007, Porter filed a Motion for Judgment on the Pleadings, which the Court is treating as one for summary judgment.[1] On that same date, the Johnsons filed a Motion for Summary

---

      [1] On its face, the motion filed by Debtor-Defendant Porter is a motion for judgment on the pleadings. However, in his memorandum in support thereof, Debtor-Defendant Porter asked the Court "to take judicial notice of the underlying case in this matter filed in the Fifth Judicial Circuit Court of South Dakota, in and for Day County, Civ. No. 00-135." As that "underlying case" is a matter outside the pleadings, "the

Re: *Johnson v. Porter*
September 28, 2007
Page 2

Judgment.

In their brief in support of their motion for summary judgment, the Johnsons asked the Court to take judicial notice of the following documents related to the state court action entitled *James W. Porter and Porter Auto Sales, Inc. v. Nathan Johnson, Robert D. Johnson, and Northland Auto Center, Inc.*, Fifth Judicial Circuit for the State of South Dakota, Day County, Civ. No. 00-135: Porter's complaint, dated December 19, 2000; the transcript of Porter's deposition, taken June 2, 2003; the jury instructions, dated April 22, 2005; the amended judgment, dated May 20, 2005; and the notice of entry of amended judgment, dated May 26, 2005. The Johnsons then set forth the following "relevant, undisputed and undisputable facts":

> 1. [The] Johnsons are creditors of [Porter], having a claim based on an Amended Judgment issued by the Circuit Court, Fifth Judicial Circuit, Day County, South Dakota, dated May 20, 2005, in the amount of $153,264.73, which includes prejudgment interest and disbursements awarded by the circuit court.
>
> 2. On December 19, 2000, [Porter] commenced an action against [the] Johnsons alleging three counts of tortious interference with business expectation, one count of conspiracy and fraud, one count of intentional infliction of emotional distress and one count requesting an award of punitive damages. [The] Johnsons counterclaimed against [Porter] for barratry pursuant to SDCL 20-9-6.1.
>
> 3. [Porter] actively participated in the lawsuit by giving a deposition and by testifying at trial.
>
> 4. On May 20, 2005, the Circuit Court entered an Amended Judgment on a jury verdict dismissing all of [Porter]'s claims and in favor of [the] Johnsons on [the] Johnsons' counterclaim for barratry.
>
> 5. Notice of Entry of the Amended Judgment was filed and served on May 26, 2005. [Porter] did not appeal from the Amended Judgment.

In his brief in response to the Johnsons' motion for summary judgment, Porter

---

motion shall be treated as one for summary judgment and disposed of as provided in [Fed.R.Bankr.P. 7056 and Fed.R.Civ.P.] 56." Fed.R.Civ.P. 12(c) (made applicable in adversary proceedings by Fed.R.Bankr.P. 7012(b)).

Re: *Johnson v. Porter*
September 28, 2007
Page 3

"support[ed]" the Johnsons' request that the Court take judicial notice of the above-described documents related to the state court action and asked the Court to also take judicial notice of the following additional documents related to that state court action: Attorney John Wiles's February 7, 2006 affidavit and attachments; Attorney Robert Spears's February 9, 2006 affidavit and attachments; and Attorney William Coester's July 25, 2007 affidavit and attachments. Porter then stated he did not dispute the Johnsons' facts 1, 2, 3, and 5, and set forth the following additional "relevant, undisputed, and undisputable facts":

> 6. On May 20, 2005, the Circuit Court entered an Amended Judgment on a jury verdict dismissing all of [Porter]'s claims.[2]
>
> 7. The Amended Judgment of May 20, 2005 is a final judgment.
>
> 8. No punitive or exemplary damages were awarded to [the] Johnsons in the underlying state court action.

**Discussion.** Summary judgment is appropriate when "there is no genuine issue [of] material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(c). An issue of material fact is *genuine* if it has a real basis in the record. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein). A genuine issue of fact is *material* if it might affect the outcome of the case. *Id.* (quotes therein).

The matter must be viewed in the light most favorable to the party opposing the motion. *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997). Where motive and intent are at issue, disposition of the matter by summary judgment may be more difficult. *Cf. Amerinet, Inc. v. Xerox Corp.,* 972 F.2d 1483, 1490 (8th Cir. 1992) (citation omitted).

The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out that part of the record that bears out his assertion. *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein

---

[2] This is actually an edited version of the Johnsons' fact 4, to which Porter objected "as being overly broad in that barratry is not mentioned in the judgment and must be implied from other documents." That may be technically true. However, Porter did not otherwise suggest that implication could not – or should not – be drawn from other documents in the record, including Porter's answer herein, in which he specifically admitted the Johnsons' counterclaim was for barratry.

Re: *Johnson v. Porter*
September 28, 2007
Page 4

*City of Mt. Pleasant, Iowa v. Associated Electric Coop.*, 838 F.2d 268, 273 (8th Cir. 1988)). No defense to an insufficient showing is required. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (citation therein); *Handeen*, 112 F.3d at 1346.

If the movant meets his burden, however, the non movant, to defeat the motion, "must advance specific facts to create a genuine issue of material fact for trial." *Bell*, 106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)). The non movant must do more than show there is some metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations. *Bell*, 106 F.3d at 263 (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995)).

In this case, the Court is being asked to determine whether the Johnsons' state court judgment against Porter is nondischargeable under 11 U.S.C. § 523(a)(6). That section excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

> Willful and malicious are two distinct requirements that [the creditor], as the party seeking to avoid the discharge of the debt, must prove by the preponderance of the evidence before the § 523(a)(6) exception to discharge applies. Willfulness is defined as "'headstrong and knowing' conduct and 'malicious' as conduct 'targeted at the creditor . . . at least in the sense that the conduct is certain or almost certain to cause . . . harm.'" To give effect to the distinction between "malicious" and "willful," we have held that malice requires more than just reckless behavior by the debtor. [The debtor] must have acted with the intent to harm [the creditor] rather than merely acting intentionally in a way that resulted in harm.

*Fischer v. Scarborough* (*In re Scarborough*), 171 F.3d 638, 641 (8th Cir. 1999) (citations therein omitted).

> Thus, "if the debtor was aware of the plaintiff-creditor's right under law to be free of the invasive conduct of others (conduct of the sort redressed by the law on the underlying tort) and nonetheless proceeded to act to effect the invasion with particular reference to the plaintiff, wilfulness is established. If in so doing the debtor intended to bring about a loss in fact that would be detrimental to the plaintiff, whether specific sort of loss the plaintiff actually suffered or not, malice is established. Upon those showings, the debt that arises under law to

Re: *Johnson v. Porter*
September 28, 2007
Page 5

compensate the plaintiff for that loss is nondischargeable."

*Sells v. Porter* (*In re Porter*), Nos. 07-6008EA, 07-6013EA, 2007 WL 2736541, at *4 (B.A.P. 8th Cir. Sept. 21, 2007) (quoting *KYMN, Inc. v. Langeslag* (*In re Langeslag*), 366 B.R. 51, 59 (Bankr. D. Minn. 2007)).

To determine whether the Johnsons' state court judgment against Porter is nondischargeable under § 523(a)(6), the Court must decide whether the jury verdict for the Johnsons on their counterclaim for barratry established Porter acted both willfully and maliciously, and if so, whether Porter is thereby collaterally estopped from relitigating those issues in this nondischargeability action. In the Eighth Circuit,

[c]ollateral estoppel is a legal doctrine that "bar[s] the relitigation of factual or legal issues that were determined in a prior . . . court action," and applies to bar relitigation in federal court of issues previously determined in state court. We look to the substantive law of the forum state in applying the collateral estoppel doctrine, giving a state court judgment preclusive effect if a court in that state would do so.

*Scarborough*, 171 F.3d at 641 (citations therein omitted).

South Dakota courts consider four factors in determining whether to apply collateral estoppel:

(1) [t]he issue decided in the prior adjudication was identical with the one presented in the action in question;

(2) [t]here was a final judgment on the merits;

(3) [t]he party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and

(4) [t]he party against whom the plea is asserted had a full and fair opportunity to litigate the issue in the prior adjudication.

*Grand State Property, Inc. v. Woods, Fuller, Shultz, & Smith, P.C.*, 556 N.W.2d 84, 87 (S.D. 1996) (citations omitted).

In this case, there is no dispute the Amended Judgment of May 20, 2005 was a final judgment on the merits, or that Porter was a party to the state court action. Moreover, while Porter complained in his brief about the adverse effect of certain

Re: *Johnson v. Porter*
September 28, 2007
Page 6

evidentiary rulings on his ability to prove up his case in the state court action, he did not appeal the judgment, and he did not go so far as to suggest to this Court that the state court deprived him of a full and fair opportunity to litigate the counterclaim for barratry. Accordingly, the only question remaining is whether the issue decided in the state court action is the same as the one presented in this adversary proceeding.

Under South Dakota law, "[b]arratry is the assertion of a frivolous or malicious claim or defense or the filing of any document with malice or in bad faith by a party in a civil action." S.D.C.L. § 20-9-6.1. In that regard, the following instructions were included among those given to the jury in the state court action. Jury instruction no. 23 provided:

> To establish barratry, as alleged in Count I of the [Johnsons]' Counterclaim, [the Johnsons] must prove the following by a greater convincing force of the evidence:
>
> 1) [Porter's] assertions in the Complaint were frivolous or malicious or
>
> 2) [Porter's] assertions were made with malice or in bad faith.

Jury instruction no. 24 provided:

> A frivolous action exists when a party can present no rational argument based on the evidence or law in support of the claim. To fall to the level of frivolousness there must be such a deficiency in fact or law that no reasonable person could expect a favorable judicial ruling. Frivolousness connotes an improper motive or a legal position so wholly without merit as to be ridiculous.

Jury instruction no. 25 provided:

> For the purpose of barratry, an action is malicious if it is begun in malice, and without probable cause to believe it can succeed, and which finally ends in failure. Malice exists when the proceedings are instituted primarily for an improper purpose.

Re: *Johnson v. Porter*
September 28, 2007
Page 7

Jury instruction no. 26 provided:

> An improper purpose occurs in situations where the plaintiff in the original action was motivated by any unjustifiable motive, as where he did not believe his claim would be held valid, or where his primary motive was hostility or ill will, or where his sole purpose was to deprive the defendant of a beneficial use of his property or to force a settlement having no relation to the merits of the claim.

Porter suggested in his brief in response to the Johnsons' motion for summary judgment that because jury instruction no. 23 is in the disjunctive, the Court cannot determine the jury's reasoning for its decision. However, the Court need not go behind the jury verdict to determine whether collateral estoppel applies in this case.

Implicit in jury instruction no. 23 was a requirement that Porter had commenced a lawsuit against the Johnsons. Nothing in any of the jury instructions suggests Porter could have been found liable for accidentally, negligently, or even recklessly commencing the state court action. To the contrary, the jury was required to find Porter commenced that state court action with a specified purpose, *e.g.*, to assert a frivolous claim (described in jury instruction no. 24), to assert a malicious claim (described in jury instruction no. 25), or to advance a claim for an otherwise improper purpose (described in jury instruction no. 26). Thus, in holding Porter liable for barratry, the jury necessarily found Porter acted intentionally and with one or more of the proscribed purposes.[3] From this, it follows Porter's commencing the lawsuit against the Johnsons was a willful act within the meaning of § 523(a)(6). *See Scarborough*, 171 F.3d at 643 ("In distinguishing reckless behavior from willful behavior for purposes of § 523(a)(6), Congress defined willful as 'deliberate' or 'intentional.' . . . To act with a purpose also clearly requires a willful act.").

Porter's actions in commencing the lawsuit against the Johnsons must also be found to have been malicious, *i.e.*, his actions must be found to have been targeted

---

[3] Porter devoted a significant portion of both his brief in support of his motion for judgment on the pleadings and his brief in opposition to the Johnsons' motion for summary judgment to set forth his view of what transpired during the state court trial and how that affected the jury's verdict. Those arguments cannot be raised now. *See Scarborough*, 171 F.3d at 642 ("To allow [the debtor] to attack the state court judgment would eviscerate the doctrine of collateral estoppel. [The debtor] had [the] chance to challenge the state court jury's decision by appealing to the state appellate court and declined to do so.").

Re: *Johnson v. Porter*
September 28, 2007
Page 8

at the Johnsons and certain – or almost certain – to cause the Johnsons harm. *Id.* Porter's actions were clearly targeted at the Johnsons, who were the named defendants in the state court action. His actions were also certain to cause the Johnsons harm by forcing them to incur the costs of defending the state court action, and almost certain to cause them additional harm by damaging their personal reputations and their business reputations, and by adversely affecting their emotional states. *Cf.* Jury Instruction No. 27.[4]

For these reasons, this Court concludes the issue decided in the state court action was identical to the one presented in the instant adversary proceeding. Porter is therefore collaterally estopped from litigating the issue of whether his commencing the state court action falls within the parameters of § 523(a)(6).

Porter has failed to advance specific facts to create a genuine issue of material fact for trial. The Johnsons are entitled to judgment as a matter of law. Porter's motion for judgment on the pleadings will be denied, and the Johnsons' motion for

---

[4] Jury instruction no. 27 provided:

If you decide for the defendants on the question of liability for barratry you must then fix the amount of money which will reasonably and fairly compensate the defendants for any of the loss or harm suffered in person or property proved by the evidence to have been legally caused by the plaintiffs' conduct, whether such loss or harm could have been anticipated or not.

You must determine whether the plaintiffs' allegations caused the defendants to suffer harm or damage:

1. To the defendants personal reputation;

2. To the defendants business reputation;

3. To the defendants emotional status; or

4. By way of costs in defending against this action.

Whether any of these elements or damages have been proved by the evidence is for you to determine. Your verdict must be based on evidence and not upon speculation, guesswork, or conjecture.

Re: *Johnson v. Porter*
September 28, 2007
Page 9

summary judgment will be granted.  The Court will enter an appropriate order and judgment of nondischargeability.

                Sincerely,

                Charles L. Nail, Jr.
                Bankruptcy Judge

cc:    adversary file (docket original in adversary; serve parties in interest)

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota